NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13370

IN THE MATTER OF BENJAMIN BEHNAM TARIRI.


May 25, 2023.


Attorney at Law, Disciplinary proceeding, Suspension, Misuse of
    client funds.


The respondent attorney, Benjamin Behnam Tariri, appeals
from an order of a single justice of this court temporarily
suspending him from the practice of law pending further
disciplinary proceedings before the Board of Bar Overseers
(board) pursuant to S.J.C. Rule 4:01, § 12A, as appearing in
425 Mass. 1315 (1997).  He also appeals from the single
justice's denial of his subsequent motion to stay the order.  We
affirm.[1]

Background.  On November 21, 2022, bar counsel filed a
petition for temporary suspension alleging that the respondent
"poses a threat of substantial harm to clients or prospective
clients."  S.J.C. Rule 4:01, § 12A.[2]  The petition asserts that

---

[1] After the respondent's appeal was filed in this court, bar
counsel filed a petition for contempt in the county court.  The
single justice issued an interim order in connection with that
petition and, thereafter, an order of contempt.  The respondent
subsequently failed to comply with the latter order, and on that
basis, the single justice ordered that the respondent be
committed to the Suffolk County house of correction for ninety
days or until such time as the respondent complied fully with
the terms of the court's contempt order.  Those orders are not
before us.

[2] Supreme Judicial Court Rule 4:01, § 12A, provides:

Tariri had misappropriated hundreds of thousands of dollars of client funds to support a gambling addiction and pay personal debts. More specifically, the petition asserted, among other things, that Tariri represented a client (client A) with respect to client A's residential property purchase; that Tariri held certain of client A's funds for that purpose in an Interest on Lawyers' Trust Account (IOLTA account); and that Tariri misused those funds to purchase lottery tickets. In the process, Tariri allegedly failed to make certain wire transfers in connection with client A's property purchase; deposited money from other clients in the IOLTA account; and used the money from other clients to make the required payments for client A's property purchase.

In another instance, the petition avers, Tariri repeatedly borrowed money from a client (client B) who he had represented in a variety of matters. One of those matters allegedly resulted in a monetary settlement between client B and the Commonwealth pursuant to which the Commonwealth paid client B a set sum. According to the petition, the amount of money that Tariri borrowed from client B was approximately the same amount of money that Tariri knew client B had received in the settlement. Tariri subsequently wrote checks to client B to repay the loan, but each time he did so, the checks were returned for insufficient funds. Although Tariri allegedly did eventually repay some of the loan to client B, the petition avers that the loan was never fully repaid and that client B eventually filed a complaint against Tariri with the board.

The petition also alleges several other instances of Tariri borrowing money from current and former clients and of writing checks to repay the loans only to have those checks returned for

---

"Upon the filing with this court of a petition by the bar counsel alleging facts showing that a lawyer poses a threat of substantial harm to clients or prospective clients . . . , this court shall enter an order to show cause why the lawyer should not be immediately suspended from the practice of law pending final disposition of any disciplinary proceeding commenced by the bar counsel. The court or a justice, after affording the lawyer opportunity to be heard, may make such order of suspension or restriction as protection of the public may make appropriate."

insufficient funds.[3]  Ultimately, bar counsel has opened eight separate investigations of Tariri, two of which bar counsel described in the petition for temporary suspension, four of which are already the subject of a petition for discipline, and two of which remain under investigation.[4]

In the county court, an order issued on November 28, 2022, to show cause why the respondent should not be immediately suspended, as the petition requested, pending disposition of disciplinary proceedings against him.  The single justice held a hearing on December 19, 2022, and issued an order that same day temporarily suspending Tariri from the practice of law in the Commonwealth until further order of the court.  The order was effective immediately, and the single justice thereafter denied Tariri's motion to stay.

Discussion.  The case is now before us on Tariri's preliminary memorandum, pursuant to S.J.C. Rule 2:23 (b), 471 Mass. 1303 (2015).  The rule requires an appellant

"to demonstrate . . . that there has been an error of law or abuse of discretion by the single justice; that the decision is not supported by substantial evidence; that the sanction is markedly disparate from the sanctions imposed in other cases involving similar circumstances; or that for other reasons the decision will result in a substantial injustice."

Tariri has failed to make any such demonstration.

---

[3] According to the petition, Tariri's actions have led not just to multiple investigations by the board but to criminal charges in the District Court as well.

[4] The pending petition for discipline charges Tariri with violating numerous rules of professional conduct, including Mass. R. Prof. C. 1.3 (diligence), as appearing in 471 Mass. 1318 (2015); Mass. R. Prof. C. 1.7 (conflict of interest: current clients), as appearing in 471 Mass. 1335 (2015); Mass. R. Prof. C. 1.15 (b) (segregation of trust property), 1.15 (e) (operational requirements for trust accounts), and 1.15 (f) (required accounts and records), as appearing in 471 Mass. 1380 (2015); and Mass. R. Prof. C. 8.4 (c) (dishonesty, fraud, deceit, or misrepresentation) and 8.4 (h) (fitness to practice law), as appearing in 471 Mass. 1483 (2015).

"[A]n order of temporary suspension may be entered if (1) facts, established by a preponderance of the evidence, show that the lawyer violated a disciplinary rule of this court and (2) on a balance of the harms and consideration of the public interest, the lawyer poses a threat of substantial harm to present or future clients or in other respects." Matter of Ellis, 425 Mass. 332, 334 (1997). For purposes of a temporary suspension, it is sufficient that the evidence demonstrate that "it is more probable than not that the lawyer[] violated important provisions" of the rules of professional conduct. Id. at 340.

Tariri makes little argument that he did not violate the rules. In contrast, the petition for temporary suspension was accompanied by ample supporting documents, including, among other things, a recorded statement made by Tariri in connection with the board's ongoing investigations of him; evidence regarding the failed wire transfers and returned checks in connection with Tariri's misuse of client A's money; and evidence related to Tariri's failure to repay client B's loan. The petition and its supporting documents, in other words, demonstrate that it is more probable than not that Tariri violated a number of rules of professional conduct including, e.g., Mass. R. Prof. C. 1.15 (e) (operational requirements for trust accounts) and 1.15 (f) (required accounts and records), as appearing in 471 Mass. 1380 (2015); and Mass. R. Prof. C. 8.4 (c) (dishonesty, fraud, deceit, or misrepresentation) and 8.4 (h) (fitness to practice law), as appearing in 471 Mass. 1483 (2015).

In considering whether to temporarily suspend a lawyer from the practice of law, the single justice is also "required to balance the harm to the attorney against the public interest in preventing harm to present and future clients." Matter of Abrams, 436 Mass. 650, 656 (2002), citing Matter of Ellis, 425 Mass. at 341-342. In his memorandum, Tariri acknowledges that "some of the issues or allegations" that bar counsel raised in the petition for temporary suspension have merit, but argues that the issues were presented "in a vacuum" without any acknowledgment of the underlying causes, including Tariri's gambling addiction and certain events in his personal life. He is arguing, in essence, that he did not have an opportunity to respond to the allegations, i.e., to defend himself. His arguments are without merit.

In response to the petition for temporary suspension, Tariri filed a one-page "memorandum in support of show-cause

hearing," without any supporting affidavits or other documents, in which he stated that it would be detrimental for his clients and the public if his license were temporarily suspended pending the outcome of disciplinary hearings. He did not, however, challenge the facts alleged in the petition, which were supported by affidavits. In the circumstances, his suggestion that he did not have an opportunity to present a defense is contradicted by the record. Tariri could have filed a more detailed response to the petition -- indeed, the single justice granted Tariri's request for a brief continuance of the hearing on the petition and rescheduled it for one week later than the originally scheduled date -- or challenged its underlying facts. Furthermore, although Tariri argues that the single justice deferred to bar counsel's recommendation without consideration of the underlying circumstances, both bar counsel and Tariri had an opportunity to present their respective positions at the hearing. Among other things, the single justice specifically asked both bar counsel and Tariri whether there might be some action the single justice could take short of ordering a temporary suspension, and he discussed various options with both parties. There was, in short, "sufficient evidence . . . from which the single justice could have concluded that [Tariri] posed a threat to present and potential clients." Matter of Kenney, 399 Mass. 431, 434-435 (1987).

The single justice did not err or abuse his discretion in concluding that a temporary suspension was warranted.

Judgment affirmed.


The case was submitted on the record, accompanied by a memorandum of law.
Benjamin Behnam Tariri, pro se.